UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

      -v.-                               ORDER

RONALD MONROE,

                                      No. 21-CR-465 (CS)
           Defendant.                 No. 23-CV-8458 (CS)
------------------------------------------------------x

Appearances:

Sean Maher
Bronx, New York
*Counsel for Petitioner*

Courtney Heavey
Assistant United States Attorney
Southern District of New York
New York, New York
*Counsel for the Government*

Seibel, J.

       Before the Court is the motion of Petitioner Ronald Monroe under 28 U.S.C. § 2255 to

vacate his conviction for violation of 18 U.S.C. § 924(c), (ECF Nos. 30-33), the Government's

opposition thereto, (ECF No. 41 ("Gov't's Opp.")), and Petitioner's reply, (ECF No. 43).[1]

       On July 20, 2021 Petitioner was indicted for: attempted Hobbs Act robbery, in violation

of 18 U.S.C. § 1951 (Count One); committing and threatening physical violence in furtherance

of a plan to commit Hobbs Act robbery, also in violation of § 1951 (Count Two); and use,

possession and brandishing of a firearm in furtherance of the crimes of violence charged in

Counts One and Two, in violation of § 924(c) (Count Three). (ECF No. 2.) All three counts

related to the attempted robbery of a drug dealer on December 23, 2019. On June 3, 2022,

---

    [1] All docket references are to No. 21-CR-465.

Petitioner waived indictment and pleaded guilty to a three-count superseding information charging him with: participating in a conspiracy to commit Hobbs Act robbery, in violation of § 1951 (Count One); use and possession of a firearm during and in relation to the commission and threatening of physical violence in furtherance of a plan to commit Hobbs Act robbery, as charged in Count Two of the original indictment, in violation of § 924(c) (Count Two); and participating in a conspiracy to distribute and possess with intent to distribute a quantity of fentanyl, in violation of 21 U.S.C. § 846 (Count Three).   (ECF Nos. 15, 17.)   Count One related to Petitioner's agreement to rob a drug dealer on December 23, 2019, and to rob a different drug dealer on December 18, 2023.   On September 9, 2022, he was sentenced principally to 66 months' imprisonment on Counts One and Three, to run concurrently, and the mandatory minimum 60 months consecutive on Count Two, for a total of 126 months.   (ECF No. 26.)

Petitioner contends that his conviction on Count Two must be vacated, because the commission and threatening of physical violence in furtherance of a plan to commit Hobbs Act robbery is not a proper predicate for a § 924(c) violation.   Familiarity with the Petitioner's application, prior proceedings in the case, and the general legal standards governing § 2255 petitions is presumed.

### I.   Legal Standards

To establish ineffective assistance of counsel, a petitioner must affirmatively show that "1) counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms, and 2) it is reasonably likely that prejudice occurred – *i.e.*, that but for counsel's unprofessional errors, the result of the proceeding would have been different."

*United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *Strickland v. Washington*, 466

U.S. 668, 687-96 (1984)).

When evaluating counsel's performance under the first prong of the test, a reviewing

court applies a strong presumption that counsel "rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S.

at 690.

> Judicial scrutiny of counsel's performance must be highly deferential.   It is all
> too tempting for a defendant to second-guess counsel's assistance after conviction
> or adverse sentence, and it is all too easy for a court, examining counsel's defense
> after it has proved unsuccessful, to conclude that a particular act or omission of
> counsel was unreasonable.   A fair assessment of attorney performance requires
> that every effort be made to eliminate the distorting effects of hindsight, to
> reconstruct the circumstances of counsel's challenged conduct, and to evaluate the
> conduct from counsel's perspective at the time.   Because of the difficulties
> inherent in making the evaluation, a court must indulge a strong presumption that
> counsel's conduct falls within the wide range of reasonable professional
> assistance; that is, the defendant must overcome the presumption that, under the
> circumstances, the challenged action might be considered sound trial strategy.
> There are countless ways to provide effective assistance in any given case.   Even
> the best criminal defense attorneys would not defend a particular client in the
> same way.

*Id.* at 689.   A petitioner must show "that counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."   *Id.* at 687.

Under *Strickland*'s second prong, the reviewing court must determine "whether, absent

counsel's deficient performance, there is a reasonable probability that the outcome of the

proceeding would have been different."   *Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994).

"A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Strickland*, 466 U.S. at 694.   "It is not enough to show that the errors had some conceivable

effect on the outcome of the proceeding.   Counsel's errors must be so serious as to deprive the

3

defendant of a fair trial, a trial whose result is reliable." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "In the context of guilty pleas . . . to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

"[T]he *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington*, 562 U.S. at 105. Petitioner bears the burden of establishing both constitutionally deficient performance and prejudice. *United States v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004).

## II.    Discussion

Petitioner argues that his counsel was ineffective for not advising him that Count Two of the superseding information was legally deficient. Specifically, he contends that committing and threatening physical violence in furtherance of a plan to commit Hobbs Act robbery in violation of § 1951 is not a "crime of violence" for purposes of § 924(c). Section 924(c) prohibits, in pertinent part, using or carrying a firearm "during and in relation to any [federal] crime of violence," or possessing a firearm in furtherance of such a crime. 18 U.S.C. § 924(c)(1)(A). For purposes of the statute, a "crime of violence" is defined as felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). Subparagraph (B), known as the residual clause, was declared unconstitutionally

vague in *United States v. Davis*, 588 U.S. 445 (2019).   The Supreme Court further held in *Davis*
that the determination whether a predicate amounted to a crime of violence for purposes of §
924(c) had to be made categorically, not with reference to the facts of the particular case.   *See*
*id.* at 456.   The Second Circuit subsequently recognized that substantive Hobbs Act robbery
categorically qualified as a crime of violence under subparagraph (A), known as the force or
elements clause, *see United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018), but that conspiracy to
commit Hobbs Act robbery did not, and thus could not support a § 924(c) conviction, *see United*
*States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019).

Petitioner's plea was structured to avoid a *Davis* problem, by using as the crime-of-
violence predicate for the § 924(c) count not the use of a firearm during and in relation to the
Hobbs Act conspiracy, but the use of a firearm during and in relation to the commission or threat
of physical violence in furtherance of a plan to commit Hobbs Act robbery.   (ECF No. 40
("Tanner Decl.") ¶ 6; Gov't's Opp. at 5.)   Petitioner allocuted that he had used physical violence
against the victim, and that his co-conspirator had used a gun, during the December 23, 2019
attempted robbery.   (ECF No. 18 at 26-29.)

After the plea but before the sentencing, the Supreme Court decided in *United States v.*
*Taylor*, 596 U.S. 845 (2022), that attempted Hobbs Act robbery did not qualify as a crime of
violence for purposes of § 924(c), because an attempt required only an intention to commit the
crime and a substantial step in furtherance of it, and that substantial step need not involve force,
*see id.* at 851.   Because the predicate for Petitioner's § 924(c) count was Petitioner's act of
violence in furtherance of the robbery plan, his counsel did not consider *Taylor* in relation to
Petitioner's case.   (Tanner Decl. ¶ 16.)   The Government has since changed its policy and no

longer pursues § 924(c) convictions based on the violence-in-furtherance prong of the Hobbs Act.   (Gov't's Opp. at 6; ECF Nos. 33-4, 33-5.)

I am dubious that counsel was ineffective for failing to consider application of *Taylor* to Petitioner's plea (an issue that apparently never occurred to the Government or the Court either), given that *Taylor* related to attempted Hobbs Act robbery, which can be committed without any force or violence (*i.e.*, based only on intent and some substantial step) and Petitioner here pleaded to an act of physical violence.   The parties have pointed to no cases finding *Taylor* applicable to the kind of plea Petitioner took here, and the Court has located none.   But even if there were such authority, lawyers are not required to foresee changes in the law or in the Government's view of the law.

"An attorney is not required to forecast changes or advances in the law in order to provide effective assistance.   Rather counsel's performance must be assessed . . . as of the time of counsel's conduct without the benefit of hindsight."   *McCoy v. United States*, 707 F.3d 184, 188 (2d Cir. 2013) (internal quotation marks and citations omitted); *see United States v. De La Pava*, 268 F.3d 157, 166 (2d Cir. 2001) (attorney not ineffective for failing to make motion where no circuit had held such a motion to be valid); *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law."); *Pena v. United States*, No. 00-CR-36, 2005 WL 1176073, at *6 (S.D.N.Y. May 18, 2005) ("[C]ounsel is not ineffective for failing to forecast a change in the law.") (collecting cases), *aff'd*, 534 F.3d 92 (2d Cir. 2008).   "Legal forecasting is not required of defense counsel because '[t]he proper measure of attorney performance remains simply reasonableness under

prevailing professional norms.'"  *Hancock v. United States*, No. 14-CV-1751, 2019 WL 418093, at *9 (D. Conn. Feb. 1, 2019) (quoting *Strickland*, 466 U.S.at 688).

But even if counsel was ineffective, Petitioner has not shown prejudice because he has not even alleged, let alone shown, "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *Milios v. United States*, 813 F. App'x 646, 648 (2d Cir. 2020) (quoting *Hill*, 474 U.S. at 59); *see Cuff v. United States*, No. 16-CV-5119, 2024 WL 4858983, at *3 (S.D.N.Y. Nov. 21, 2024) ("Where a § 924(c) conviction is based upon a guilty plea, prejudice has been defined to require a defendant to 'show that there is a reasonable probability that, but for the error, he would not have pleaded guilty.'") (quoting *United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020)).[2]

"[T]his requirement proves fatal to Petitioner's claim.  [H]e has neither asserted h[is] innocence to the crimes to which []he pled guilty nor presented proof that []he could have avoided conviction at trial."  *Sharifi-Nelson v. United States*, No. 07-CR-326, 2017 WL 3172863, at *3 (S.D.N.Y. July 21, 2017).  Petitioner put in an affidavit in support of his motion, (ECF No. 31), but never says that he would have opted for trial had it not been for counsel's advice.[3]  Indeed, counsel's affidavit shows the contrary: that Petitioner was interested in a guilty plea, and authorized counsel to seek a plea agreement, based on the strength of the Government's case and its ongoing investigation of additional crimes.  (Tanner Decl. ¶¶ 5, 8-11.)  Petitioner

---

[2] I need not reach a decision on the first *Strickland* prong if the second resolves the motion.  *See Farrington v. Senkowski*, 214 F.3d 237, 242 (2d Cir. 2000).

[3] The Government raised this issue in its opposition, but Petitioner in reply did not even supply a "belated and conclusory" affidavit, which in any event would not be "sufficient to show that he would have gone to trial but for counsel's error."  *United States v. Arteca*, 411 F.3d 315, 322 (2d Cir. 2005).

does not state – nor is there anything else in the record to suggest – that he would have gone to trial, or even obtained a better plea deal, were it not for his attorney's allegedly substandard advice.  *See Galette v. United States*, No. 17-CR-400, 2018 WL 4926439, at *3 (S.D.N.Y. Oct. 9, 2018) ("Petitioner does not state in his 2255 motion – nor is there anything else in the record to suggest – that he would have gone to trial, or even attempted to seek a better plea deal, had his attorney not acted in an unreasonable manner."); *Sharifi-Nelson*, 2017 WL 3172863, at *3 (defendant "has neither asserted her innocence to the crimes to which she pled guilty nor presented proof that she could have avoided conviction at trial").   Indeed, the plea gained Petitioner substantial benefits, including a five-year mandatory consecutive sentence on the 924(c) count rather than seven years,[4] coverage for narcotics dealing, coverage for another robbery, and acceptance of responsibility points.   Moreover, "no evidence has been submitted that the Government would have offered a plea bargain that [was more favorable]." *Sharifi-Nelson*, 2017 WL 3172863, at *3.

---

[4] Petitioner was permitted to plead to use of the firearm, which carries a five-year mandatory minimum, *see* 18 U.S.C. § 924(c)(10(A)(i), rather than brandishing, which carries a seven-year mandatory minimum, *see id.* § 924(c)(10(A)(ii), even though the firearm was brandished during the attempted robbery, (ECF No. 27 ¶ 12).

Petitioner has not shown prejudice from counsel's advice, so his claim fails.[5]

CONCLUSION

For the reasons stated above, the Petition is denied.   As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.   *See* 28 U.S.C. § 2253; *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

The Clerk of Court is respectfully directed to: 1) docket this Order in both of the above-captioned cases; 2) terminate ECF No. 30 in No. 21-CR-465; and 3) close No. 23-CV-8458.

**SO ORDERED.**

Dated: December 24, 2024
    White Plains, New York

CATHY SEIBEL, U.S.D.J.

---

[5] Petitioner argues in passing that his conviction violates the Fifth Amendment and amounts to structural error.   (ECF No. 33 at 11-12.)   But he "has waived th[ese] argument[s] by failing to develop [them]."   *Chevron Corp. v. Donziger*, No. 11-CV-691, 2013 WL 4045326, at *1 n.3 (S.D.N.Y. Aug. 9, 2013) (citing *United States v. Fuentes,* No. 09-CR-143, 2012 WL 4754736, at *3 (W.D.N.Y. Apr. 25, 2012) (considering as waived arguments that are "largely conclusory, boilerplate, undeveloped and bereft of any supporting case authority")); *Lyn v. Inc. Vill. of Hempstead,* No. 03-CV-5041, 2007 WL 1876502, at *16 n.13 (E.D.N.Y. June 28, 2007) ("Issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived . . . ." (alteration in original)), *aff'd,* 308 F. App'x 461 (2d Cir. 2009); *see also Moore v. U.S. Postal Serv.*, 159 F. App'x 265, 268 (2d Cir. 2005) (citing *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir.1991), for proposition that "perfunctory and undeveloped arguments ... are waived (even where those arguments raise constitutional issues)").

9